NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHEMEON SURFACE TECHNOLOGY LLC, a Nevada Limited Liability Company, | No. 23-15291 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00294-CLB |
| v. | MEMORANDUM* |
| METALAST INTERNATIONAL, INC.; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Carla Baldwin, Magistrate Judge, Presiding

Argued and Submitted April 3, 2024
San Francisco, California

Before:  M. SMITH, HURWITZ, and JOHNSTONE, Circuit Judges.

Chemeon Surface Technology LLC (Chemeon) appeals the dismissal by the

district court of its trademark cancellation claim against David Semas[1] for lack of

---

\*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] We deny Semas's motion to correct the docket (Dkt. 26).  Federal Rule of Appellate Procedure 12(a) requires the clerk to "docket the appeal under the title of district-court action."  Fed. R. App. P. 12(a).  Semas does not dispute that the

both Article III and statutory standing. We assume the parties' familiarity with the facts and recount them here only as necessary. We affirm.

1. "The judicial power granted to us by the Constitution is limited to resolving actual cases or controversies." *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1022 (9th Cir. 2023) (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016); U.S. Const. art. III, § 2). To have standing, a party must demonstrate "an 'injury in fact' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1022–23 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). That injury in fact must be "'causally connected' and 'fairly traceable' to 'the conduct complained of' and . . . 'likely as opposed to merely speculative,' such that 'the injury will be redressed by a favorable decision.'" *Id.* at 1023.

A party has standing to challenge the validity of a trademark where the owner of the mark "was allegedly pressing an invalid trademark to halt [the party's] legitimate business activity." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 92 (2013) (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126–137 (2007)) ("[A] genuine threat of enforcement of intellectual property rights that inhibits commercial activity may support standing.").

---

caption matches that in the district court action and presents no legal authority compelling a contrary result. *See* Dkt. 26.

Because Chemeon contractually relinquished the right to use the term "Metalast" in commerce—and has been enjoined by the district court from doing so, an order that Chemeon does not challenge on appeal—any effort by Semas to press his trademark cannot threaten to halt Chemeon's legitimate business activity. *See id.* at 92. We do not find persuasive Chemeon's argument that the definition of "in commerce" is ambiguous. Thus, cancelling the trademark would not redress any injury to Chemeon.

Chemeon also does not have standing to sue based on any alleged injury connected to its Navy patent license. "While '[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice,' in responding to a summary judgment motion, 'the plaintiff can no longer rest on such mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true.'" *Wash. Env't Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013) (quoting *Lujan*, 504 U.S. at 561). Chemeon provides a conclusory declaration stating that Metalast harmed its brand reputation by claiming that it owns the Navy license in the trademark renewal application. It does not set forth specific facts about why or how the Navy license claim in the trademark registration harms Chemeon's brand reputation and does not explain why cancelling the trademark would redress that injury. Thus, at the summary judgment stage, Chemeon has not set forth sufficient

evidence to demonstrate that it has suffered a redressable injury-in-fact. *See Californians for Renewable Energy v. Cal. Pub. Utils. Comm'n*, 922 F.3d 929, 939 (9th Cir. 2019) (explaining that "conclusory allegations" in a party's own affidavits were insufficient to create a genuine issue of material fact to survive summary judgment).

Finally, Chemeon does not have standing to sue based on any indemnity obligations, as Semas filed the *Chemetall* complaint after Chemeon filed the Second Amended Complaint containing the cancellation claim. *See Clark v. City of Lakewood*, 259 F.3d 996, 1006 (9th Cir. 2001) ("Standing is determined by the facts that exist at the time the complaint is filed.").

2. Because we lack subject matter jurisdiction to hear this case, we need not address the statutory standing arguments. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998) ("For a court to pronounce upon the meaning . . . of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires.").

**AFFIRMED.**